# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| DANI'EL ALLRED,<br><br>Plaintiff,<br><br>v.<br><br>MORONI FEED COMPANY,<br><br>Defendant. | **MEMORANDUM DECISION & ORDER**<br><br>**Case No. 2:14-cv-00405**<br><br>**United States District Court**<br>**Judge Dee Benson**<br><br>**Magistrate Judge Dustin Pead** |

On June 2, 2014, Plaintiff Dani'el Allred ("Plaintiff") filed her complaint against Moroni Feed Company ("Defendant") alleging improper termination and asserting causes of action for violation of Title VII of the Civil Rights Act, 42 U.S.C. § § 2000e-2(a) *et seq.*, violation of the Pregnancy Discrimination Act (PDA), 29 U.S.C. § § 621-624, *et. seq.*, violation of the Utah Antidiscrimination Act, Title 34A, Chapter 5, violation of the Family Medical Leave Act (FMLA), violation of the Americans With Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, *et. seq.,* breach of contract and intentional infliction of emotional distress (doc. 2).

On January 28, 2015, District Court Judge Dee Benson referred the case to this court pursuant to 28 U.S.C. §636(b)(1)(A) (doc. 15).  Under that referral, the following motions are currently pending:  (1) Plaintiff's "Motion To Compel Production Of Documents And Interrogatories" (doc. 14), (2) Defendant's "Motion To Compel Full And Complete Deposition Testimony" (doc. 16), (3) Plaintiff's "Motion For Protective Order" (doc. 17) and (4) Plaintiff's "Motion To Compel Depositions and Extend Discovery Cut-Off" (doc. 24).

# I.  PENDING MOTIONS

**Plaintiff's Motion To Compel Production Of Documents**

### A.  Standard of Review

"The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n. v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1261, 1271 (10th Cir. 2010 ) (quotations and citations omitted).  The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure, which provides that:

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defenses. . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  The Advisory Committee Notes for the 2000 Amendments to rule 26 direct parties and courts to "focus on the actual claims and defenses involved in the action" in determining relevance for purposes of discovery.  *See* Fed. R. Civ. P. 26 Advisory Committee Notes, 2000 Amendments, Subdivision (b)(1).

With respect to limiting discovery, rule 26(b)(2)(C)(iii) provides: that

> [o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that. . . the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C)(iii).

**B.  Analysis**

On October 17, 2014, Plaintiff propounded her "First Set of Requests For Production of Documents and Interrogatories" (doc. 14-1).  Defendant served responses on November 21 and November 25, 2014, and provided supplemental responses on January 27, 2015 (doc. 21-1).

On the same day Defendant provided its supplemental responses, Plaintiff filed her "Motion To Compel" seeking an order compelling Defendant to provide "full and complete" response to Requests For Production 7, 8, and 9 and Interrogatories 3 and 12 (doc. 14).  Plaintiff also requested an award of attorney fees and costs incurred in connection with her motion.  *See* Fed. R. Civ. P. 37.  Defendant opposes the motion, arguing that all responsive information was provided and it cannot be compelled to produce information "that does not exist" (doc. 19).

The court addresses each of Plaintiff's discovery requests in turn.

**Requests For Production 7, 8 and 9**

Plaintiff's Request For Production number 7 seeks:

> any all 'documents' and 'writings' which refer to, relate to, or are evidence of any time record (whether paper, digital or electronic) for Dani'el Allred, including but not limited to, time cards, time clock records, clock machine and/or computer records, card swipe records, calendars, breaks, absences, work shift calendars.

(doc. 14-1).  Plaintiff's Requests For Production numbers 8 and 9 seek the same information as it relates to Plaintiff's co-workers and supervisors.[1]  Despite Defendant's assertion that it has provided all responsive documents (doc. 14-1), Plaintiff contends there is additional information

---

[1]Requests 8 and 9 temporally limit the scope of production from January 1, 2013, through March 31, 2013 (doc. 14-1).

to be produced (doc. 21).

The relevancy of the information sought in Plaintiff's Requests For Production 7, 8 and 9 is not in dispute.  Instead, the dispute revolves around the completeness of Defendant's production.  Under such circumstances it is the practice of this court to require the producing party to file an affidavit certifying that all responsive documentation has been provided. Accordingly, Defendant is hereby ordered to file an affidavit attesting to the completeness of its production with specific reference to those items of concern to Plaintiff, including:  "the Unitime and/or other time clock system electronic records, including all data/and or metadata," time sheets from Ms. Allred and any individuals that she supervised and "original source records, employee sheets, or other documents from which the information contained in the [Hours Worked Simplified] Reports was derived" (doc. 21).

### Request For Production 12

Plaintiff's Request For Production 12 seeks:

> any and all 'documents' and 'writings' which refer to, relate to, or are evidence of any communication (whether paper, digital, or electronic) regarding Dani'el Allred and/or her department, team and/or position, between and/or amount any of the following from January 1, 2013 through March 31, 2013: Any of Moroni Feed's officers, directors, management, human resources, technology persons, Matthew Cook, Jeff Garatee, Valarie Black, Rita Poulson, Josh Kline, Hyrum Shell and/or Cody Mecham.

 (doc. 14-1).  Plaintiff contends that Defendant fails to produce "any and all emails [from] *before* Ms. Allred's termination" (doc. 21, p. 4).  Defendant counters that the request is overbroad and all responsive documents have been produced (doc. 21-1).

Defendant neglects to explain its overbreadth objection or provide any information on the

burden imposed (doc. 19).  Absent such information, the court declines to find the request

overbroad and, based upon the assertion that all responsive documents have been produced, the

court orders Defendant to file an affidavit certifying to the completeness of its production with

specific reference to any written communications related to Plaintiff being "written up" and

terminated.

### Interrogatory 3

Interrogatory Number 3 seeks all facts supporting Defendant's Ninth Affirmative defense

that it "had legitimate non-discriminatory business reasons for the employment action of which

Plaintiff complains" (doc. 21).  In its supplemental answer, Defendant references Plaintiff's

"deteriorating work ethic" in support of termination as observed by her supervisor Hyrum Shell

(doc. 21-1).  Plaintiff objects to Defendant's response as conclusory and unsupported (doc. 21).

Given the broad scope of the interrogatory, the court finds Defendant's answer to be

appropriate and sufficiently supported.  The court advises that additional information may be

obtained through the discovery process, specifically the deposition of Plaintiff's supervisor

Hyrum Shell.

### Interrogatory 12

Interrogatory 12 asks Defendant to describe:

in complete detail and with particularity everything that was said in all
communications *before* March 12, 2013 (whether in person, by
conversation, telephone, email, otherwise) involving anyone listed in
Attachment "A", . . . , regarding Dani'el Allred, including but not limited
to, when each communication took place, the location, the circumstances,

> each person involved, and the entire details of each communication,
> including the identity of all 'documents' and/or 'writings' as to each
> communication.[2]

(doc. 14-1).  Defendant objects asserting vagueness and overbreadth and claims that it is

impossible to recall the specifics of hundreds of communications between Plaintiff and

management from 2006 through 2013 (doc. 21-1).

      While posited as an interrogatory, Plaintiff's request conflates discovery of verbal

communications with the production of written documents.  To the extent that Defendant is able

to recall or provide answers to this interrogatory, it is ordered to do so.  However, given the

nature of the request the court presumes that Defendant's responses, if not already provided, will

be limited.  While unpersuaded by Defendant's claim of burden, it is not the nature of verbal

communications to be recorded or documented such that a meaningful response to the

interrogatory is entirely plausible.  Instead, the nature of the information requested is more

properly obtained by Plaintiff through her Request For Production Number 12.

  **C.  Attorney Fees**

      In conjunction with her motion to compel, Plaintiff seeks an award of attorney fees

pursuant to Federal Rule 37(a)(5)(A).

      In relevant part, rule 37(a)(5)(A) provides:

> If [a motion to compel] is granted[,] . . .the court must, after
> giving an opportunity to be heard, require the party or deponent
> whose conduct necessitated the motion, the party or attorney
> advising that conduct, or both to pay the movant's reasonable

---

[2]Attachment "A" lists the following individuals: Dani'el Allred, Valarie Black, Dale
Buege, Matthew Cook, Gayle Farrington, Jeff Garette, Josh Kline, Cody Meacham, Rita Poulson,
Hyrum Shell, [a]nyone in management, [a]nyone in human resources, [a]ny health care provider
for Dani'el Allred (doc. 14-1).

expenses incurred in making the motion, including attorney's fees.
But the court must order this payment if:

(i) the movant filed the motion before attempting in good faith to
obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was
substantially justified; or

(iii) other circumstances make an award of expenses unjust.

Fed R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendant asserts that it has provided all relevant information within its possession, and

therefore the court finds its objection is substantially justified. Accordingly, Plaintiff's request

for attorney fees is denied.

**Defendant's Motion To Compel & Plaintiff's Motion For Protective Order**

At Plaintiff's December 1, 2014, deposition, Defendant questioned her about the express,

oral and implied contracts referred to in her complaint. *See* (doc. 2, ¶10, "[o]n or about

September 25, 2006 and thereafter, Allred and MFC [Moroni Feed Center] entered into express

written, oral and implied contracts and agreements"). Plaintiff's counsel, however, advised

Plaintiff not to answer the questions, claiming they improperly referred to a "legal document that

she didn't author or draft." (doc. 16-1, 12:8-10).[3] Despite Plaintiff's refusal to answer questions

[3]As set forth in the transcript (doc. 16-1), Plaintiff was advised by counsel not to answer
the following deposition questions:

Q: "I want to know what is the express written contract that you believe existed at
the time you were hired?" (12: 5-7).

Q: "When you're talking to a jury, what are you going to tell them that contract is?"
(12: 15-16).

7

related to the contracts, the deposition continued.

On January 29, 2015, Defendant filed its pending motion to compel seeking an order requiring Plaintiff to re-appear for deposition and answer all questions relevant to her claims (doc. 16). Plaintiff opposes the motion arguing that as a lay witness she is not required to interpret legal documents and the line of questioning is more appropriately pursued through an interrogatory (doc. 20). Consistent with its position, Plaintiff filed a motion for protective order seeking to preclude Defendant from further deposition questioning on these issues (doc. 17). Both parties request attorney fees in support of their respective motions.

**A. Standard Of Review**

Rule 30(c)(2) provides limited circumstances under which a person may instruct a deponent not answer a deposition question. Fed. R. Civ. P. 30(c)(2). Under the rule, the objection

> must be noted on the record, but the examination still proceeds;
> the testimony is taken subject to any objection. A person may
> instruct a deponent not to answer only when necessary to preserve
> a privilege, to enforce a limitation ordered by the court, or to
> present a motion under Rule 30(d)(3).

---

Q: "Next one. You allege that there was an oral contract at the time you were hired. Can you tell me what that oral contract is?" (13:12-14).

Q: "Allegation No. 10 says there are implied contracts and agreements at the time you were hired. Can you tell me what those implied contracts and agreements are?" (13:21-24).

Q: "In No. 11, you have alleged that promises were made to you that Moroni Feed would not discharge you without good, just or legitimate cause. Who made a promise and what promise did they make?" (16:12-16).

Q: "Tell me who made you a promise at the time you were hired?" (17:23-25).

*Id*.  The objecting party may only "suspend the deposition for the time necessary to file its motion and obtain an order terminating or limiting the deposition."  *Cohen-Esry Real Estate Servs. v. Twin City Fire Insurance Company,* 2009 U.S. Dist. LEXIS 112612 (D. Kan. Dec. 3, 2009) (citing Fed. R. Civ. P. 30(d)(3)(A)).

### B.  Analysis

Pursuant to rule 30, two options were available to Plaintiff during the deposition.  *See Kingston v. Nelson,* 2007 U.S. Dist. LEXIS 78294, X (D. Utah Oct. 11, 2007).  First, Plaintiff could have lodged "her objections on the record, and then proceeded to allow Plaintiff to answer the questions [to the best of her ability] subject to the noted objections."  *Yeager v. Fort Knox Sec. Prods.,* 2013 U.S. Dist. LEXIS 60105, *7 (D. Utah Apr. 25. 2013) (citing Fed. R. Civ. P. 30(c)).  Second, believing Defendant's line of questioning to be in bad faith and designed to annoy, embarrass or oppress, Plaintiff could have stopped the deposition and immediately sought a protective order.  Fed. R. Civ. P. 30(d)(3).  Here, Plaintiff exercised neither option and instead noted her objections, refused to answer, proceeded with the deposition and filed a motion for protective order two months later.

Plaintiff does not rely upon a claim of privilege or an order of the court in support of her refusal to answer.  *See* Fed. R. Civ. P. 30(d).  Rather, Plaintiff asserts that as a lay person any questions requiring her to interpret legal theories are improper and designed to "unreasonably annoy[], embarrass[], or oppress[]."  *See* Fed. R. Civ. P. 30(d)(3)(A); Fed. R. Civ. P. 26(c).  The court disagrees.  Upon review, there is no support for Plaintiff's claim that the questions raised, regarding her knowledge of relevant contractual agreements, were offered in bad faith and any assertion that the questions were an attempt to "trick or trap" her into interpreting "legal theories

without the benefit of counsel" is entirely unfounded  (doc. 27, p. 2).  *See Kingston v. Nelson,* 2008 U.S. Dist. LEXIS 69745 (D. Utah Sept. 13, 2008) (background questions relevant to case were not annoying, embarrassing or oppressive).  While Plaintiff may prefer to address the questions through interrogatories, Defendant has no obligation to present them in such format and is entitled to posit deposition questions regarding Plaintiff's knowledge of her employment contracts.

In this case, the appropriate course of action would have been for Plaintiff to make her objections on the record but proceed with the deposition questioning.  *See* Fed. R. Civ. P. 30(c)(2) (an objection during deposition "must be noted on the record, but the examination still proceeds").  In the alternative, assuming Plaintiff believed a protective order was warranted, the deposition should have ceased and Plaintiff should have immediately moved for an order.  *See McClelland v. Blazin' Wings, Inc.,* 675 F. Supp. 2d 1074, 1082 (D. Colo. 2009) ("The Motion for Protective Order was promptly filed after the deposition was terminated.").

Accordingly, finding the deposition questions to be appropriate and relevant to the case, Defendant's motion to compel is granted.  Plaintiff's motion for protective order and request for attorney fees is denied.

### C.  Attorney Fees

A "[c]ourt may impose an appropriate sanction— including the reasonable expenses and attorney's fees incurred by any party— on a person who impedes, delays, or frustrates the fair examination of the deponent."  Fed. R. Civ. P. 30(d)(2).  Further, as set forth above, expenses and fees may be awarded against a party who necessitates the filing of a motion to compel, unless the motion was filed prematurely, the objection was substantially justified or an award of

expenses and fees would be unjust. *See* Fed. R. Civ. P. 37(a)(5)(A) (i)-(iii); *see supra* p 6-7.

 As discussed, at the deposition Plaintiff failed to proceed under either of the options available to her pursuant to rule 30. Although ultimately without merit, Plaintiff was entitled to assert bad faith but should have concluded the deposition and immediately pursed a protective order. Here, Plaintiff waited two months after the deposition to file her motion and then did so seemingly only in response to Defendant's filing of its own motion to compel. In the alternative, Plaintiff should have noted her objections on the record and proceeded to answer the questions. As a result, the court finds that Plaintiff improperly failed to answer the deposition questions and an award of expenses and fees is appropriate. *See* Fed. R. Civ. P. 37(a)(4), 37(a)(5)(A). Defendant is ordered to file an affidavit in support of its request within five days of the date of this order.

Additionally, the parties are instructed to meet and confer in order to schedule a mutually convenient date for Plaintiff to reappear for deposition and answer questions regarding the allegations contained in her complaint.

**Plaintiff's Motion To Compel Depositions of Defendants**

Plaintiff requested Defendant to respond regarding availability for deposition dates by January 23, 2015 (doc. 29-1). Failing to receive a response, on January 24, 2015, Plaintiff unilaterally issued a "Notice of Taking Deposition" and scheduled depositions for several of Defendant's witnesses on February 17, 2015 ("February deposition date"), in Salina, Utah (doc. 29-2, Exhibit C). On January 26, 2015, Defendant informed Plaintiff that it would check on availability for the February deposition date (doc. 24-1, Exhibit H).

11

On February 11, 2015, Plaintiff requested that Defendant "[p]lease confirm in writing no later than 12:00 p.m., Thursday, February 12, 2015" the deponents' intention to appear at the deposition (doc. 24-1, Exhibit I).  On the same day, Defendant informed Plaintiff that it was not available for the February deposition date but offered availability on "March 18, 20, 23, 25, 30, [and] April 1-6" (doc. 24-1, Exhibit J).  Defendant also provided Plaintiff with a proposed amended scheduling order extending dates under the operative scheduling order.  *Id.*

In an email dated February 12, 2015, Plaintiff acknowledged that deponents were unavailable for the February deposition date and explained that Defendant's scheduling order amendments were "not acceptable."  (doc. 24-1, Exhibit K).  Instead, Plaintiff provided its own proposed amendments under which the February depositions were moved to March 18, 2015.  *Id.*

On February 18, 2015, Plaintiff filed a "Certificate of Non-Appearance" indicating that Defendant's counsel and witnesses improperly failed to appear for the February deposition date (doc. 24-1, Exhibit O).   On the same day, Plaintiff also filed a "Motion To Compel Depositions and Extend Discovery Cut-off" seeking an order of the Court:  (1) compelling Defendant's witnesses to appear for depositions on March 18, 2015, (2) extending fact and expert discovery dates and (3) requesting an award of attorney fees and expenses incurred as a result of Defendants' non-appearance and the filing of its motion to compel (doc. 24).   In opposition, Defendant argues that Plaintiff knew the deponents were unable to attend the February deposition date and should have scheduled the depositions consistent with local standards of professionalism and civility (doc. 29).

Under Rule 37(d) the court "may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition."  Fed. R. Civ. P.

37(d)(1)(A)(i).  If the court concludes that sanctions are appropriate, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(d)(3).

Upon review, the court concludes that Defendant's failure to appear at the February deposition was substantially justified and Plaintiff's motion to compel and request for attorney fees and costs incurred is denied.  *See* Fed. R. Civ. P. 37(d)(3).  Plaintiff was informed by Defendant on at least three separate occasions that the deponents would not be in attendance at the February deposition date.  *See* (doc. 29-4, Exhibit D email dated January 29, 2015 "The deponents as proposed for mid-February are unable to be schedule in that timeframe. . . can't lock in a deposition date until mid to late March."); (doc. 29-5, Exhibit E email dated January 29, 2015 "we cannot meet the dep [sic] date that was imposed on us contrary to the rules.  We need to find something mid to late March."); (doc. 29-9, Exhibit I, email dated February 11, 2015, "Unfortunately, neither Mr. Sanders, Ms. Vaughn nor our client are available on Feb. 17. . . We, along with our client, are available for the depositions of Moroni Feed employees on March 18, 20, 23, 25, 30, April 1-6.  Please let me know if we should hold any of these days.").  Further, Plaintiff expressly acknowledged her understanding of Defendant's unavailability.  *See* (doc. 29-11, Exhibit K, email dated February 12, 2015 from Plaintiff's counsel "Ms. Lloyd indicates that neither you nor the deponents will be appearing for the duly noticed deposition of Hyrum Shell, Cody Meacham and Valarie Black on Tuesday, February 17, 2015 in Salina, Utah").

Based upon these communications, the court is unwilling to penalize Defendant for Plaintiff's decision to attend a deposition that she knew would be unattended.  And, while

13

recognizing Plaintiff's concerns regarding the approaching fact discovery cutoff dates, Plaintiff filed her motion to compel after Defendant agreed to stipulate to an amended scheduling order and to new dates for depositions.  Moreover, any concerns related to discovery dates has been alleviated pursuant to the court's March 16, 2015, order granting the parties' stipulated  motion to amend the parties' scheduling order (doc. 33).

As aptly noted by counsel,"this case appears to have degenerated into a series of motions to compel" (doc. 29, p. 4).  To that end, the court issues this directive admonishing the parties to make every possible effort to reach agreement on discovery disputes prior to filing formal motions and bringing the issues before the court.  These efforts include *meaningful* participation by both parties in the meet and confer process prior to formally filing any discovery related motions.  Such efforts will save the valuable resources of both the court and the movants.  Those efforts will also ensure that movants have some input in the outcome of the discovery disputes at issue rather than leaving the decisions to the court, with results that may not be to the liking of either party.

## II.  <u>ORDER</u>

The Court hereby ORDERS:

1.  Plaintiff's Motion To Compel Production of Documents and Interrogatory Responses (doc. 14) is denied subject to the requirement that Defendant provide the appropriate certifications within 10 days of the date of this Order.

2.  Defendant's Motion To Compel Full and Complete Deposition Testimony is granted (doc. 16).  Defendant is requested within five day of the date of this Order to provide its affidavit of costs and fees in support of its request for attorney fees and costs.  The parties are further instructed to meet and confer regarding a date to reschedule Plaintiff's deposition

3.  Plaintiff's Motion For Protective Order (doc. 17) is denied.

4.  Plaintiff's Motion To Compel Depositions (doc. 24) is denied.

Dated this 30th day of March, 2015

_____
Dustin Pead
U.S. Magistrate Judge